Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 18 2014, 8:10 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|                        |     |                      |
|------------------------|-----|----------------------|
| GLENN A. EADS, JR.,    | )   |                      |
|                        | )   |                      |
| Appellant-Defendant,   | )   |                      |
|                        | )   |                      |
| vs.                    | )   | No. 15A04-1406-CR-271|
|                        | )   |                      |
| STATE OF INDIANA,      | )   |                      |
|                        | )   |                      |
| Appellee-Plaintiff.    | )   |                      |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-0803-FC-15

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Glenn A. Eads, Jr. appeals the trial court's revocation of his probation. Eads raises a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the entirety of his originally suspended term. We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 25, 2008, Eads pleaded guilty to stalking, as a Class C felony. The trial court sentenced Eads to eight years, with seven years and 111 days suspended to probation. One of the conditions of Eads' probation was that he "not commit another criminal offense. If you do commit another criminal offense, your probation may be revoked." Appellant's App. at 19.

On December 5, 2013, the State filed a notice of probation violation, in which the State alleged that Eads had committed at least six crimes in Ohio during his term of probation. On May 22, 2014, after several continuances requested by Eads, the court held a fact-finding hearing on the State's notice. Eads was disruptive during the fact-finding hearing. See, e.g., Tr. at 14-18. At one point, the trial court, understandably frustrated, told Eads to "keep your mouth shut." Id. at 17. Later, while on the witness stand, Eads testified that he did not know "what the probation terms" were and that the probation department "let[] me commit new crimes in another state without putting a warrant out for me." Id. at 32-33. Eads also admitted that he had committed the Ohio offenses alleged by the State, but Eads was quick to add that he "did not know" that "it was a condition of . . . probation that you can't commit another crime." Id. Following the parties' closing statements, the court took notice of the fact that it had "conducted the [original] sentencing in this case, and as a matter of fact upon my acceptance of this

2

plea[] I read Probation Conditions to Mr. Eads," which included the condition that "if you do commit another criminal offense, your probation may be revoked." Id. at 39. The court then revoked Eads' probation.

In the sentencing phase of the hearing, the State argued that Eads "doesn't take anything seriously[,] particularly probation and parole . . . . [T]here's numerous violations, and then th[is] multitude of new crimes while he was on probation clearly states that . . . ." Id. at 39. Eads' counsel asked the court "to revoke no more time th[a]n what [Eads] currently has in at this time." Id. at 41. The court ordered Eads to serve the full balance of his originally suspended term, stating:

> I'm showing thirty-five priors, four prior probation violations, I believe now two prior felonies if I've correctly counted . . . , it appears nine new arrests, six new convictions since his sentencing in this case, and based upon . . . this atrocious history and also the fact that I hear absolutely no remorse for any of these actions at all, it appears to me that there are seven years and one hundred[,] eleven days remaining suspended, I'm revoking all of it, every single day because I think Mr. Eads has earned it . . . .

Id. This appeal ensued.

## DISCUSSION AND DECISION

On appeal, Eads argues that the trial court abused its discretion when it ordered him to serve the entirety of his originally suspended sentence. As our supreme court has explained:

> Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Accordingly, a trial court's sentencing decisions for probation violations are reviewable using

3

the abuse of discretion standard. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.

Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (citations omitted).

According to Eads, the trial court abused its discretion because its sentencing decision was "based at least partly upon the trial court's frustrations with [Eads'] ongoing interruptions and requests during the hearings." Appellant's Br. at 7. But this is pure speculation by Eads. We reject his suggestion that the trial court did not fairly apply the facts to the law.

Moreover, the trial court did not abuse its discretion in ordering Eads to serve the entirety of his originally suspended sentence. Following the imposition of his probation, Eads was convicted of six new crimes in Ohio, which was plainly contrary to the terms of Eads' probation, and it was imminently reasonable for the court to also consider Eads' multiple prior probation violations in determining how much of Eads' originally suspended sentence to impose. Further, Eads' defense to the State's notice of probation violation was to admit that he had committed the new crimes but then blame the court for not telling him that committing new crimes was contrary to the terms of his probation or blame the State for "letting me commit new crimes in another state without putting a warrant out for me." Tr. at 32-33. Eads' own statements were sufficient to support the court's additional rationale that Eads showed "absolutely no remorse for any of these actions at all." Id. at 41. We affirm the trial court's revocation of Eads' probation and order that he serve the entirety of his originally suspended term.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.